IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO DIAZ, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03 C 2702 |
| ) | Judge Norgle |
| PRUDENTIAL INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

FILED
JUN - 9 2003
MICHAEL W. DOBBINS

DOCKETED
JUN 1 0 2003

## NOTICE OF FILING

TO: Mark D. DeBofsky
Daley, DeBofsky & Bryant
One North LaSalle Street
Suite 3800
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on June 9, 2003, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendant's Answer To Complaint**, a copy of which is attached hereto and hereby served upon you.

Respectfully submitted,

PRUDENTIAL INSURANCE COMPANY OF AMERICA

BY: _____
One of its Attorneys

Leonard S. Shifflett (ARDC #2587432)
Brendan O'Connor (ARDC# 6276720)
Jody Schwarz (ARDC# 6270583)
QUARLES & BRADY LLC
500 West Madison, Ste. 3700
Chicago, Illinois 60661-2511
(312) 715-5000

QBCHI\339483.1

FILED
JUN - 9 2003
MICHAEL W. DOBBINS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO DIAZ, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03 C 2702 |
| | ) |
| PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JUN 1 0 2003

## ANSWER TO COMPLAINT

The Defendant, Prudential Insurance Company of American, by and through its attorneys, Leonard S. Shifflett, Brendan O'Connor and Jody Schwarz, for its answer to the Complaint, states as follows:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability insurance plan underwritten and/or administered by the Prudential Insurance Company of America, for the benefit of employees of Bank One. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

**ANSWER:** Defendant admits that the jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and in particular, 29 U.S.C. §§1132 (e)(1) and 1132(f). Answering further, Defendant admits that at the time and place referenced in Plaintiff's Complaint, Defendant, the Prudential Insurance Company of America (Prudential) provided a group long-term disability insurance plan to Bank One (Company) under group policy number G-56249.



2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:** Defendant admits the allegations of paragraph 2.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**ANSWER:** Defendant admits the allegations of paragraph 3.

### *Nature of the Action*

4. This is a claim seeking an award to plaintiff of disability income benefits pursuant to a policy of insurance underwritten by the Prudential Insurance Company of America, to provide Long Term Disability Insurance Benefits ("Plan") to employees of Bank One, policy number G-56249. (A true and correct copy of the Bank One benefits plan is attached hereto and by that reference incorporated herein as Exhibit "A"). This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

**ANSWER:** Defendant admits that Prudential provided a long-term disability insurance benefits plan ("Plan") to employees of Bank One under group policy number G-56249. Defendant denies that what is attached to the Complaint as Exhibit A is a true and correct copy of the Plan. Defendant admits that this action seeking recovery of benefits, is brought pursuant to §5204(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

### *The Parties*

5. Hugo Diaz ("Diaz" or "Plaintiff")(DOB 3/7/50) is and was a resident of Chicago, Illinois at all time relevant hereto, although many of the events, transactions, and occurrences relevant to his claim of disability took place within the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations of paragraph 5.

6. Prudential Insurance Company of America ("Prudential"), is the underwriter of disability insurance coverage for employees of Bank One. At all times relevant hereto, Prudential Insurance Company of America was doing business throughout the United States and within the Northern District of Illinois.

**ANSWER:** Defendant admits that at the time and place referenced in Plaintiff's Complaint, Prudential provided a group long-term disability insurance plan under group policy number

G-56249. Defendant further admits that Prudential, at the time in place referenced in Plaintiff's Complaint, was doing business in the state of Illinois.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to his employment, Diaz received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** Prudential admits that the group long-term disability plan constitutes an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1). Defendant further admits that Plaintiff, as an employee of Bank One, was a "participant" as defined by U.S.C. §1002(7). Defendant further admits that such coverage included payment of disability income benefits provided that the Plaintiff met the definition of disability as defined in the group long-term disability plan.

*Statement of Facts*

8. Diaz was a full-time employee of Bank One and he was actively employed until February 4, 2002, when he ceased working due to persistent low back pain associated with degenerative disc disease. Due to his impairments, Diaz has not engaged in any substantial gainful activity since that date.

**ANSWER:** Prudential admits that Plaintiff was a full-time employee of Bank One. Answering further, Defendant admits that the Plaintiff stopped working at his job with Bank One on February 4, 2002. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint, and each and every one of them.

9. Subsequent to ceasing his employment, Diaz made a claim for benefits under the Plan, however, on August 22, 2002, Diaz' claim for benefits was denied.

**ANSWER:** Defendant admits that on August 22, 2002 Plaintiff made a claim for benefits under the group long-term disability plan, group policy number G-56249, claiming that he met the definition of "disability" as that term is defined within the Plan. Answering further, Plaintiff

admits that on or about August 22, 2002, Plaintiff's claim for benefits under the group long-term disability plan, group policy number G-56249 was denied.

10. After Prudential denied benefits, Plaintiff, through his counsel, submitted an appeal citing and submitting additional evidence and argument from examining and treating physicians, including a pain management specialist. However, despite the admission of overwhelming and convincing evidence to support Diaz' appeal, and in the absence of any examination results or findings, Prudential maintained its refusal to pay benefits; and all avenues of administrative appeal have now been exhausted.

**ANSWER:** Defendant admits that Prudential upheld its decision to deny benefits to Plaintiff under the group long-term disability plan, group policy G-56249.

11. [None]

12. Since the onset of his disability, Diaz has continuously met the definition of "disability" as defined in the Summary Plan Description:

What is Long-term Disability?

Injury: Bodily damage caused by an accident.

Illness: A sickness or disease, including medial complications during pregnancy.

Total Disability: Your inability to perform the essential functions of your regular occupation due to an injury or illness. You may be eligible for LTD benefits even if you're able to perform some work, as long as you're unable to perform the essential duties of your regular occupation and your disability results in an income loss of at least 20% due to that illness or injury.

(Exhibit A, pg. 30).

Further, Diaz has been under the regular and continuous care of treating physicians who have certified his disability and who have reported to Prudential that he meets the Plan definition of "Disability."

**ANSWER:** Defendant denies allegations of paragraph 12, and each of them.

13. The determination by Prudential that Diaz is not disabled is contrary to the welfare benefit plan, contrary to the evidence, and has no rational support. That decision was also contrary to the reports and assessments of the treating and examining physicians.

**ANSWER:** Defendant denies the allegations of paragraph 13, and each of them.

14. As a direct and proximate result thereof, based on the evidence submitted to Prudential establishing that Diaz has met the Plan definition of "disability" continuously since the onset of his disability, and that he continues to meet that definition, Plaintiff is entitled to monthly disability insurance payments; and such benefits must be continued until he recovers from his disability, death, or at age 65, whichever comes first.

**ANSWER:** Defendant denies the allegations of paragraph 14, and each of them.

WHEREFORE, Prudential Insurance Company of American prays that this Court enter judgment in its favor and against Plaintiff dismissing Plaintiff's Complaint with prejudice and awarding to defendant its attorneys' fees and costs incurred in defending this action.

    Respectfully submitted,

    PRUDENTIAL INSURANCE COMPANY OF AMERICA

    BY: _____
           One of its Attorneys

Leonard S. Shifflett (ARDC #2587432)
Brendan O'Connor (ARDC# 6276720)
Jody Schwarz (ARDC# 6270583)
QUARLES & BRADY LLC
500 West Madison, Ste. 3700
Chicago, Illinois 60661-2511
(312) 715-5000

## CERTIFICATE OF SERVICE

I, Leonard S. Shifflett, an attorney, certify that I caused a copy of the foregoing Notice of Filing, together with the documents referred to therein, to be served upon:

> Mark D. DeBofsky
> Daley, DeBofsky & Bryant
> One North LaSalle Street
> Suite 3800
> Chicago, Illinois 60602
> 312-372-5200 -- phone
> 312-372-2778 - fax

via facsimile and First Class Mail, postage prepaid, this 9th day of June, 2003, before the hour of 5:00 p.m.

*[signature]*

QBCHI\339483.1